We'll hear argument now in the case of Alfieri against Cook Medical. And after this case, we will take a ten-minute break before calling the third case of the day.  Mr. Flaxman May it please the court. This case is an appeal to an order granting summary judgment. The district court had diversity jurisdiction. The plaintiffs are citizens of Nevada. The defendants are entities outside of Nevada. The amount of controversy is more than $75,000, exclusive of cost. A party seeking summary judgment must demonstrate two things. The first is that there's an absence of disputed questions of material fact. The second is that the movement is entitled to judgment as a matter of law. The facts of this case are not in dispute. A plaintiff contends that defendants fail to show their entitlement to judgment as a matter of law. The summary judgment was granted on the statute of limitations. The initial question in the statute of limitations defense is, when did the cause of action accrue? The defendants took the position in the district court that the cause of action for a product's liability accrued when the plaintiff learned that the IBC filter was fractured. The defendants don't concede that there was any damage or any injury to Ms. Alfieri once she learned that. Mr. Flaxman, I think we need to deal with the defendant's argument that the contention you're making now was not raised in the district court, whereas the contention that was raised in the district court seems to have been abandoned. That's a pretty difficult position for a lawyer to be in, is it not? It's not. What was raised in the district court was the argument that the cause of action did not accrue until the surgery to remove the filter. Yes, the two-injury theory. Well, the plaintiff didn't say two injuries. The plaintiff said one injury. The defendant said there were two injuries, but what is the first injury? Okay, let's just call it Fred. But Fred seemed to be argued in the district court, but not here. Well, our position is that the two-injury doctrine has nothing to do with this case, that it's about two harms that result from the same wrongdoing. Here there were two things. There was discovery of the fracture without any injury, any physical injury to the plaintiff, and the second was the removal of the filter, which caused the physical injury. But your arguments here seem to be completely different than what you raised below. The focus below was on this second injury, the incisional hernia injury. That's correct. And you don't seem to be raising that at all here. You seem to be raising new arguments, including a new four-year statute of limitations, which wasn't raised below. Well, if I could just put the statute of limitations aside, which is of a different character than when the cause of action accrued. It's not of a different character when the district court dismissed the case because it failed to meet the statute of limitations and found that a two-year statute of limitations applied, and you are now arguing for a four-year statute of limitations. Well, the court has discretion to forgive a waiver. No. We have discretion to forgive a forfeiture, but not a waiver. I think you probably want to call this a forfeiture rather than a waiver. Yes. Look, Mr. Faxman, it would seem that before the district court, you treated as a given the initial injury with the filter fracture. What you argued was that the hernia was not, and now I'm going to quote, merely a progression of the initial injury sustained by the filter fracture. End quote. And that it was, and I'm going to quote again, a separate medical distinct injury apart from the fractured filter. Why wouldn't that position operate to waive your arguments here? Not on summary judgment where the court has a duty to determine de novo whether or not the defendants have met their burden of showing they are entitled to judgment as a matter of law. The defendants had to show when the cause of action accrued, which in this case means when there was physical injury to Ms. Alfieri. The defendants dance around that in this court by saying, well, she filed a statement of what her injuries were and complained about different things. That statement, I don't think, says anything about when she first felt those injuries. The defendants, I think, are very careful to say we do not want a precedent saying just discovering that you have a fractured filter gives you a cause of action for strict product liability against us. They want to dance around that and say, well, plaintiff loses. But it's the defendant's burden on summary judgment to show that they're entitled to judgment as a matter of law, which means they have to show when the cause of action accrued. And they haven't showed that it accrued more than two years before the lawsuit was filed. I see a question percolating, but perhaps not. Well, I'm wondering, as I wondered in the last case, what Nevada judicial decisions are you relying on for your perspective? I missed the first word before initial decisions. What Nevada judicial decisions are you relying on? This is a question under Nevada law. So what's your best Nevada authority? The Nevada cases which are set out in the brief talk about injury being the accrual date of a cause of action for product liability. I'm actually trying to focus on your argument, the one featured in your appellate brief, that the period of limitations is four years. On the ground, the product's liability is not covered by the personal injury statute of limitations. Now, what's your best Nevada case? There are none. There are none. All the cases on that issue come from federal district court judges who are predicting what the Nevada Supreme Court would do. And what we've asked, and this is not our strongest argument. Our strongest argument is that the cause of action did not accrue until there was physical injury. And our secondary or throwaway almost argument is that you should ask the Nevada Supreme Court to construe what their law is. Is it two years or four years? Why should federal courts be predicting what the Nevada Supreme Court, if it ever gets one of these cases? Why didn't you file this suit in Nevada? It was consolidated as an MDL case. MDL cases filed in state court are not moved to federal court. If you want a novel decision under state law, you file in state court. That's just the rules. I think the defendant could remove it, and then it would end up as part of the MDL. There's a lot of centrifugal hydraulic force to get all these cases together in one court so that the defendant could figure out what their liability is and resolve them. I don't think Ms. Alfieri would have been able to litigate this in Nevada court against the Indiana Corporation. It would have ended up in federal court as part of the MDL. And then we'd be stuck with the question of predicting what the Nevada court would do. But we don't have to reach that. The court doesn't have to decide whether it's a waiver or a forfeiture. The physical injury question— I'll tell you. I'm sure you know this from our cases. Many of us are much more willing to certify a question to a state court if it was filed in state court and removed by the defendant. But this case was filed in federal court. That's just the world as it is. Sorry. But the main point is when did the cause of action accrue? The defendant had to show that it accrued more than two years before the lawsuit was filed, and they didn't show that. And I'd be very interested to see how they deal with that question in their argument today. Thank you. Certainly, Mr. Flaxman. Mr. Jones. Thank you, Your Honor. May it please the court. Bruce Jones for the appellees here. As the court has perceived, the threshold issue in this appeal is one of waiver. Neither of the arguments that plaintiff— No, it's one of forfeiture. There is a big difference, which I articulated. Thank you, Your Honor. Neither of the arguments that plaintiff made in his brief to this court was raised in the district court. The plaintiff did not argue to the district court that the filter fracture was not an injury. On the contrary, she argued both that her filter fracture and her incisional hernia were separate injuries and had two different accrual dates under the two-injury rule. This was, in fact, a two-injury case, as you can tell from the opening statement of the plaintiff's brief. It's on supplemental appendix page 06. Plaintiff's attorney, we are saying this is a two-separate injury, Your Honor. Plaintiff also did not argue to the district court that Nevada's four-year catch-all statute of limitations applied to her claim. On the contrary, she implicitly agreed that the two-year statute applied for personal injuries by conceding that her filter fracture was barred by the two-year statute of limitations. Plaintiff's response to the waiver argument, as you just heard, tries to shift the burden onto the defendant in the summary judgment context for the statute of limitations. But contrary to plaintiff's argument, Cook was not required to prove that plaintiff had an injury connected to the filter. To establish the statute of limitations defense, Cook was only required to show that the injury that plaintiff claimed occurred more than two years before the action was commenced. Plaintiff here claimed that filter fracture was an injury. It was in the short-form complaint, it was in the master complaint, and it was in the plaintiff's oral argument to the court. Cook established, and plaintiff concedes today, that that fracture occurred more than two years before the action was filed. She had that in her 56.1s, too, didn't she, in response to the summary judgment motion? Yes, she did, Your Honor. That she was injured by the filter fracture itself, and that was distinct from the other injury? Yes. That was the whole premise of the two-injury argument, was that the two injuries, first the filter fracture, and then later the incisional hernia. And she argued that those were two separate injuries with two separate approval dates, which Judge Young rejected. But that's no longer an issue here because they've abandoned that argument. Plaintiff said, this is my injury, the filter fracture. We are entitled, as defendants, to take her at her word and say, okay, if that's your injury, we need to measure the statute of limitations based on your claimed injury. And that claimed injury occurred more than two years before the action was commenced. Therefore, the statute of limitations bars the claim. And that should dispose of the issue. Do you agree with Mr. Flaxman that there are no pertinent cases decided by the courts of Nevada? I do not, Your Honor. I did, but I have been, in preparing for this oral argument, I discovered one that is informative. It is entitled Bender v. Clark Equipment Company, 111 Nevada 844. It's a 1995 case. It does not directly address the distinction between the two-year statute of limitations for personal injuries and the four-year statute of limitations, the catch-all statute. But it does make clear that the Nevada Supreme Court viewed the two-year statute as governing the product liability claims. The issue on that went off on a question of service and whether or not the period within which an amended complaint can be served rates back to before the two-year statute would have expired. So the holding actually addresses that issue. But I suggest that the context of the case makes clear that attitude. I apologize that neither side cited that case before, but you asked me a direct question. We will track it down and take a look at it. Thank you, Your Honor. Your Honor, unless there are other questions, I would cede the rest of my time back to the court. I see none. Thank you, Your Honor. Thank you, Mr. Jones. Anything further, Mr. Flexman? Yes. As part of the MDL procedure, the district court abbreviated Rule 56.1. The defendant's statement of facts is set out in the short appendix at page 7, which is just eight contentions. The defendant's plaintiff, as I understand it, was not required to respond to each of those numbered contentions as Rule 56.1 requires. The claim that the short-form complaint specified when the injury occurred is not supported by the short-form complaint. That's document one, filed under Misalfiore, separate case 17CB3517. There's nothing in there about damages, and that's following the procedure set out in the MDL. I would urge the court to follow Nevada law about the cause of action that occurs when there's a physical injury in reverse. Thank you, Mr. Flexman. The case is taken under advisement, and the court will take a 10-minute recess.